IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON,<br>TDCJ #02598093,<br><br>    Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:26-cv-641-X-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Shedrick Thornton submitted a *pro se* application for a writ of habeas corpus related to his January 12, 2017 convictions for stalking and violation of a protective order. *See* Dkt. No. 3; *State v. Thornton*, Nos. F-14-76803-H, F-14-76804-H (Crim. Dist. Ct. No. 1, Dall. Cnty., Tex. Jan. 12, 2017). And United States District Judge Brantley Starr referred Thornton's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Thornton originally challenged his conviction in No. F-14-76803-H through a petition for writ of habeas corpus in 2018, which was dismissed as untimely under Rule 4 of the Rules Governing Section 2254 Cases. *See Thornton v. Wainwright*, No. 3:18-cv-3317-M-BH, 2019 WL 1228202 (N.D. Tex. Feb. 28, 2019), *rec. accepted*, 2019 WL 1227834 (N.D. Tex. Mar. 15, 2019), *COA denied sub nom. Thornton v. Davis*, No. 19-10540, 2020 WL 6538745 (5th Cir. Feb. 3, 2020). Thornton then challenged his convictions in both No. F14-76803-H and No. F14-76804-H through a petition for writ

of habeas corpus in 2022, which was also dismissed as untimely. *See Thornton v. State of Texas*, No. 3:22-cv-1957-D-BN, 2022 WL 16540678 (N.D. Tex. Sept. 8, 2022), *rec. accepted*, 2022 WL 16540099 (N.D. Tex. Oct. 28, 2022), *COA denied sub nom. Thornton v. Lumpkin*, No. 22-11076, 2023 WL 3243408 (5th Cir. Mar. 21, 2023). A third petition for writ of habeas corpus challenging Thornton's conviction in No. F14-76804-H was dismissed as successive. *See Thornton v. Dall. Cnty. Cmty. Supervision & Corr. Dep't*, No. 3:22-cv-2888-G-BT, 2024 WL 5112764 (N.D. Tex. Sept. 26, 2024), *rec. accepted sub. nom. Thornton v. Pittman*, 2024 WL 5113493 (N.D. Tex. Dec. 13, 2024).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Thornton's petition is an unauthorized successive habeas application, the Court should dismiss the application without prejudice to Thornton's right to seek authorization from the Fifth Circuit to file a successive habeas application.

### Discussion

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 504, 507 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...

> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Id.* at 219 (footnotes omitted).

As discussed above, Thornton previously exercised his "one fair opportunity to seek federal habeas relief from his conviction," *Banister*, 590 U.S. at 507, and his current claims allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Calhoun when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222; *accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam). The fact that Thornton's prior habeas petitions were dismissed as barred by limitations rather than on the merits does not change this analysis. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (second application was successive even though first application was dismissed as time barred where claims "were or could have been raised in" first

application).

Thornton therefore presents claims that are successive. And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But given Thornton's history of filing petitions aimed at his state conviction and that Thornton's previous petitions were dismissed as untimely, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Shedrick Thornton's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. No. 3] without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit.

- 5 -

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 8, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE